CAUSE NO. _CL-15-1014-E_

| | | |
|---|---|---|
| JORGE GUTIERREZ, JR. and<br>IRENE GUTIERREZ | § § | IN THE COUNTY COURT |
| VS. | | NO. _____ |
| ALLSTATE TEXAS LLOYDS | | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Jorge Gutierrez, Jr. and Irene Gutierrez, hereinafter called "Plaintiffs", complaining of ALLSTATE TEXAS LLOYDS , hereinafter called "Defendant", and for cause of action would respectfully show unto the Court the following:

I.

### PARTIES, AND RULE 190 DISCOVERY LEVEL

Plaintiffs are individuals residing in Hidalgo County, Texas.

Defendant, ALLSTATE TEXAS LLOYDS, hereinafter referred to as "ALLSTATE" is a licensed insurance company authorized to engage in the insurance business in the State of Texas, and may be served with process of service, by serving its registered agent, C T Corporation System, by certified mail, return receipt requested, at the following address: 1999 Bryan St, Suite 900, Dallas, Texas 75201.

CL-15-1014-E

## II.

### AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

## III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In the alternative, this suit is brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendant, in that they purchased insurance from said entity and/or service to be provided by it. Each Defendant is an individual corporation, association, partnership, or other legal entity engaged in the business of insurance. Such Defendant constitute persons as that term is defined in Chapter 541 of the Texas Insurance Code.

## IV.

Defendant ALLSTATE is Plaintiffs' homeowners insurance company. The actions set forth in this complaint were committed by one or more of said Defendants, or their actual or apparent agents. Plaintiffs own and/or reside in a dwelling at 520 Vine Avenue, McAllen, Texas 78501. Defendant provided coverage to the Plaintiffs under a Homeowners Policy, for such dwelling, personal property, and other matters under insurance policies described above.

CL-15-1014-E

During the policy term of said policy, Plaintiffs sustained massive amounts of covered losses in the form of hail, wind, and water damages, resulting therefrom, and Plaintiffs promptly and timely and properly reported same to Defendant pursuant to the terms of the insurance policy. Plaintiffs reported loss or damage from hail, wind and water upon having discovered same. These constituted covered damages under Plaintiffs' homeowners' insurance policy with the Defendant ALLSTATE.

V.

Defendant ALLSTATE and their agents visited and inspected Plaintiffs' property, in connection with Plaintiffs' property damage. Defendants knew or should have known that Plaintiffs had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. ALLSTATE was also made aware of the need to perform immediate repairs, which would result in covered tearing out and restoration of portions of the property covered, as well as the immediate need to perform emergency repairs to the roof. ALLSTATE knew that a substantial covered loss was owed. DEFENDANT, ALLSTATE also knew that the home had become untenantable as a result of such covered damage, and that massive sums would be required to repair or rebuild the house as a result of the covered damage. Nonetheless, ALLSTATE partially denied, delayed, and failed to pay and properly investigate some or all of Plaintiffs' covered losses with no reasonable basis. ALLSTATE has failed to act promptly or to conduct a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. ALLSTATE violated Chapter 542 of the Texas

Accepted by: Jacquelyn Perez

Electronically Submitted
4/2/2015 6:11:05 PM
Hidalgo County Clerks Office

CL-15-1014-E

Insurance Code, and is liable for the actual damages, penalties and attorney's fees provided for therein.

## VI.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiffs were forced to file suit to seek the policy benefits to which they were entitled. This partial denial, and others, were wrong, improper, and made knowingly. ALLSTATE knew that substantial damage had been done by water, and yet refused to investigate most or all of such damages.

## VII.

Such denials, delays, refusals and/or failures to pay by ALLSTATE were in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiffs more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claims for damage, and ALLSTATE knew or should have known that there was no such reasonable basis to lowball, partially deny, delay, and fail to pay such claims. The conduct of Defendant ALLSTATE was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendant ALLSTATE amounts to one or more of the following:

Accepted by: Jacquelyn Perez

Electronically Submitted
4/2/2015 6:11:05 PM
Hidalgo County Clerks Office

CL-15-1014-E

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 541.060 (a)(2).

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541.060 (a)(7);

(c) failing to handle or process the Plaintiffs claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541;

(f) refusing to pay a claim without a reasonable basis in violation of common law;

(g) delaying payment of a claim without a reasonable basis in violation of common law;

(h) denying and/or delaying payment of a claim without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

Case 7:15-cv-00223   Document 1-4   Filed in TXSD on 05/13/15   Page 6 of 9

Accepted by: Jacquelyn Perez

Electronically Submitted
4/2/2015 6:11:05 PM
Hidalgo County Clerks Office

CL-15-1014-E

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(m) violations of Chapter 541.061, Texas Insurance Code, including, but not limited to, Section (1), (2), (3), (4), and (5) in that they misrepresented the terms of the policy or other facts, and

(n) violations of Chapter 541.051(5), Texas Insurance Code, prohibiting making any representation tending to induce a policy holder to lapse, forfeit, or surrender his insurance;

(o) other violations of law, including but not limited to Chapter 541.051, Sections (1)(a)(b)(c), (2), 3(a)(b), 4, and 5;

(p) other violations of law, including but not limited to Chapter 541.060 and Chapter 541.061

## VIII.

As a result of all of such conduct, Plaintiffs have been damaged in an amount not to exceed Seventy-Five Thousand Dollars, as a result of having to live in a damaged home during the pendency of ALLSTATE'S delays and lack of good faith/fair dealing. In addition, the conduct of ALLSTATE was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs and others similarly

CL-15-1014-E

situated. Plaintiffs seek actual damages from ALLSTATE in an amount not exceeding Seventy-Five Thousand Dollars.

IX.

All of the conditions precedent to bringing this suit under the policy and to the Defendants' liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred. Plaintiffs gave written notice to Defendant of their losses and/or claims, and repeatedly thereafter, including damage estimates. Nonetheless, ALLSTATE refused and continues to refuse to even investigate some of such claims, refused to pay any ALE and partially denied and refused to pay any such claims.

X.

Defendant has by their conduct breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs including consequential damages. In addition, Plaintiffs are entitled to recover attorney's fees in connection with their contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XI.

Defendant owes the Plaintiffs significant sums for known losses. Further, under the contract of insurance, the Defendant owes the Plaintiffs reasonable compensation for additional living expenses because repairs to be performed to their residence and required by the above losses will require that they sustain living expenses over and above those normally incurred while residing in the home.

CL-15-1014-E

## XII.

Plaintiffs assert all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seek breach of contract and Chapter 542 causes of action against ALLSTATE at this time for actual damages and attorney's fees and Chapter 542 penalties. Plaintiffs seek from ALLSTATE actual, additional, exemplary damages, as well as all other damages and penalties available at law, including loss of the use and enjoyment of the home.

## XIII.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial and along with the filing of the Original Petition have tendered to the Clerk of the Court the statutory jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray, move and respectfully request this Honorable Court for the following relief:

That upon final hearing and trial hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including declaratory judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

CL-15-1014-E

Respectfully submitted,

Law Office of Jose Luis Flores
1111 W. Nolana Avenue
McAllen, Texas 78504
Ph. (956) 682-0924
Fax (956) 682-3838

By:/s/ *Jose Luis Flores*
     Jose Luis Flores
     State Bar No. 00786401

**ATTORNEY FOR PLAINTIFFS**